# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-451V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |
| GERDA ULYSSE, | * **UNPUBLISHED** |
| Petitioner, | * |
| v. | * Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * Filed:  January 30, 2020 |
| | * Interim Attorneys' Fees and Costs |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston Ma., for Petitioner.
*Mark Kim Hellie*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 4, 2015, Gerda Ulysse ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from a rheumatological injury as a result of the influenza ("flu") vaccination she received on October 16, 2013.  Pet. at 1, ECF No. 1.

On July 24, 2019, Petitioner filed her application for interim attorneys' fees and costs, requesting a total of $52,654.20. Fees App. at 1, ECF No. 68.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent filed a response to Petitioner's application on August 7, 2019. Fees Resp., ECF No. 80. Respondent states that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 2. Respondent adds that he "defers to [me] to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award…." *Id.* at 2. Respondent did not raise any specific issue with respect to reasonable basis or good faith. *See generally* Fees Resp. In fact, Respondent "is satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met." *Id.*

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$51,003.10** in interim attorneys' fees and costs.

**I.      Legal Standard**

*A.  Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at \*2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at \*4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at \*7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at \*5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at \*4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a

petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith and Reasonable Basis

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as a petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

It is incumbent upon petitioners to "affirmatively demonstrate a reasonable basis," which is an objective inquiry. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma*, 1993 WL 496981, at *1. When determining if a reasonable basis exists, many special masters and judges employ a totality of the circumstances test. The factors to be considered under this test may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). This "totality of the circumstances" approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

A petitioner's counsel is expected to make a pre-filing inquiry into a claim to ensure that it has a reasonable basis. *See Turner*, 2007 WL 4410030, at *6-7. Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Id*. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015). The evidence presented must be "sufficient to give the petitioner a reasonable expectation of establishing causation." *Bekiaris v. Sec'y of Health & Human Servs.*, No. 14-750V, 2018 WL 4908000, at *6 (Fed. Cl. Spec. Mstr. Sep. 25, 2018). Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Id*.

The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis because the petitioner could not meet the burden of proof needed to establish reasonable basis." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014). In rationalizing its decision, the *Chuisano* court highlighted the ruling in *Austin* as an example of a petition that minimally crossed the required evidentiary threshold. *Id*. at 292, citing *Austin v. Sec'y of Health and Human Servs.*, No. 10-362V,

2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013). In that case, the special master found reasonable basis where only a single notation by a medical provider linked the alleged injury to the vaccination. *Austin*, 2013 WL 659574, at *8. Still, the Court in *Chuisano* emphasized the totality-of-the-circumstances test, and stated that "[a]n evidentiary standard may serve as an excellent guidepost in fee decisions, but it cannot serve as the bright-line threshold. Such a rigid position is at variance with the flexible structure of the [V]accine [P]rogram." *Chuisano,* 116 Fed. Cl. at 287. While the statute does not define the standard for reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Id*.

## II. Discussion

### A. Undue Financial Hardship

The parties are currently filing their respective pre-hearing submissions in preparation for an entitlement hearing to be held on April 22-23, 2020. Petitioner and her counsel have been litigating this claim for more than four years. Thus, I find it reasonable to award interim costs at this juncture to avoid any undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and in fact affirms that Petitioner has met the statutory and other legal requirements for an award of attorneys' fees and costs. *See* Fees Resp. at 2. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of the circumstances, taking into account the factual basis for the claim and the medical and scientific support offered. Petitioner has filed extensive medical records in this case. Petitioner has also submitted an expert report in which Dr. Ioannis Tassiulas, MD, Ph.D., FACR offers a medical opinion supporting Petitioner's theory and a potential mechanism for causation. Ex. 27, ECF No. 38-1. Additionally, Dr. Ioannis filed medical literature in support of his report. As such, I find that the petition has reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C. Attorneys' Fees

Petitioner requests a total of $42,884.00 in attorney's fees. Fees App. at 1.

#### i. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for

4

the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the attorneys and paralegals who have worked on this matter to date:

|  | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 |
| --- | --- | --- | --- | --- | --- | --- |
| Paralegal | $135 | $135 | $135 | $138 | $142 | $145 |
| Law Clerk | - | $145 | $145 | $148 | - | - |
| Homer, R. | - | $400 | $400 | $409 | $421 | $430 |
| Pepper, J. | $290 | $290 | $290 | $297 | $305 | $325 |
| Ciampolilo, C. | - | - | - | $307 | - | $350 |

These rates are consistent with the 2019 Fee Schedule.[4] Accordingly, I find the requested rates reasonable and find that no adjustment is warranted.

### ii. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

[4] The 2019 Fee schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App., Tab A. I find the hours to be largely reasonable, but a small reduction is necessary due to billing for what appears to be administrative tasks. *See* Fees App. Mr. Homer billed for a review of CM/ECF notifications and adding "note to file." *See, e.g.*, Fees App. at 33. I find that billing 0.1 hours, or six minutes, for each such review is excessive. *Id.* at 10-13, 15-16, 18-20, 23-28, 31-33, 36-37 (entries totaling 3.3 hours on 5/5/15, 5/7/15, 5/13/15, 6/5/15, 7/15/15, 7/24/15, 9/10/15, 10/23/15, 10/27/15, 12/31/15, 1/21/16, 2/3/16, 2/18/16, 4/5/16, 4/12/16, 5/10/16, 6/21/16, 7/6/16, 7/26/16, 8/1/16, 9/21/16 (two entries), 11/22/16, 11/23/16, 1/24/17, 1/25/17, 5/10/17, 9/5/17, 3/6/18, 7/5/18, 7/24/18, 5/6/19, 7/17/19 and 7/23/19). Accordingly, I will reduce the amount of fees billed by Mr. Homer in 2015 by 1.0 hours at $400/hour, or **$400.00**, in 2016 by 1.4 hours at $400/hour, or **$560.00**, in 2017 by 0.3 hours at $409/hour or **$122.70**, in 2018 by 0.3 hours at $421/hour or **$126.30**, and in 2019 by 0.3 hours at $430/hour or **$129.00**. Similarly, Mr. Pepper also billed for a review of CM/ECF notifications and case deadlines at 0.1 hours per review. *Id.* at 6, 10-13, 15-16, 19, 26-27, 29, 32-33 and 36 (entries totaling 1.6 hours on 8/12/14, 5/7/15, 6/5/15, 7/15/15, 7/24/15, 9/10/15, 10/23/15, 10/27/15, 2/3/16, 2/18/16, 10/3/16, 1/25/17, 6/19/17, 5/29/18, 7/24/18, and 5/6/19). Accordingly, I will reduce the amount of fees billed by Mr. Pepper in 2014 by 0.1 at $290/hour, or **$29.00**, in 2015 by 0.7 hours at $290/hour, or **$203.00**, in 2016 by 0.3 hours at $290/hour, or **$87.00**, in 2017 by 0.2 hours at $297/hour, or **$59.40**, in 2018 by 0.2 hours as $305/hour, or **$61.00**, and in 2019 by 0.1 hours at $325/hour, or **$32.50**.

I award Petitioner all other attorney's fees requested in full. Petitioner shall thus be awarded $42,884.00 - $1,211.70 (Mr. Homer's total reduction) - $439.40 (Mr. Pepper's total reduction) = $41,232.90.

Total attorneys' fees to be awarded: **$41,232.90.**

### D. Reasonable Costs

Petitioner requests a total of $9,770.20 in costs, which includes expert witness fees, obtaining medical records, postage costs, photocopies, and the Court's filing fee. Fees App., Tab C.

#### i. Petitioner's expert costs

Petitioner requests $6,400 for expenses related to the work of Dr. Ioannis Tassiulas as an expert in this case. Fees. App., Tab A at 38. Dr. Tassiulas billed at a rate of $400 per hour for a total of $6,400. In examining his invoice entries and considering Dr. Tassiulas's qualifications and expertise in the applicable field of study, I find Dr. Tassiulas's requested rate to be appropriate and the number of hours expended to be reasonable. Accordingly, I will award Dr. Tassiulas an hourly rate of $400 and award the total amount of **$6,400.00** billed in full.

*ii. Petitioner's miscellaneous costs*

Petitioner requests $3,370.20 in filing fees, medical records, photocopies and postage costs. I have reviewed the supporting documentation and find this request to be reasonable. Accordingly, I award it in full.

Total costs to be awarded: **$9,770.20.**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$51,003.10**, representing reimbursement of Petitioner's interim attorneys' fees and costs (including expert witness costs), in the form of a check jointly payable to Petitioner and her attorney, Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

Any questions regarding this Order may be directed to my law clerk, Neil Bhargava, by email at neil_bhargava@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.