# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-451V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
|   |   |
|---|---|
| GERDA ULYSSE, | Chief Special Master Corcoran |
| Petitioner, | Filed: February 28, 2024 |
| v. |   |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |   |
| Respondent. |   |

* * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Pepper*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mark Hellie*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 4, 2015, Gerda Ulysse filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petition, dated May 4, 2015 (ECF No. 1) ("Pet."); Amended Petition, dated Dec. 7, 2015 (ECF No. 17) ("Amend. Pet."). Petitioner alleged that she suffered dermatomyositis as a result of receiving the influenza vaccination on October 16, 2013. Amend. Pet. at 1. Respondent opposed entitlement, but after a hearing in December 2021, I issued a Ruling on Entitlement in Petitioner's favor in May 2022 (ECF No. 112).

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The parties subsequently attempted to resolve damages for several years. On February 16, 2024, Respondent filed a proffer proposing an award of compensation. Proffer (ECF No. 140). I have reviewed the file, and based upon that review I conclude that the Proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $ 250,529.41, representing compensation for life care expenses expected to be incurred during the first year after judgment ($7,626.56), lost earnings ($3,427.20), pain and suffering ($230,000.00), and past unreimbursable expenses ($9,475.65), in the form of a check payable to petitioner, Gerda Ulysse.

- An amount sufficient to purchase an annuity contract to provide payments for the items in the life care plan, as described in the attached Proffer and in accordance with the proffer's appended materials.

Proffer at II (p. 3). These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GERDA ULYSSE,<br><br>  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>  Respondent. | No. 15-451V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 4, 2015, Gerda Ulysse ("petitioner") filed a petitioner for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act") as amended. Petition, dated May 4, 2015 (ECF No. 1) ("Pet."); Amended Petition, dated Dec. 7, 2015 (ECF No. 17) ("Amend. Pet."). Petitioner alleges that as a result of the receiving a seasonal influenza ("flu") vaccine on October 16, 2013, she suffered a rheumatological injury. Pet. at 1. Petitioner later specified her injury to be dermatomyositis ("DM"). Amended Pet. at 1. On January 23, 2017, respondent filed his Vaccine Rule 4(c) report and motion to dismiss, given insufficient evidence of vaccine causation. Respondent's Rule 4(c) Report at 1 (ECF No. 46). On May 19, 2022, the Chief Special Master issue a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Chief Special Master's May 19, 2022, Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

I.   **Items of Compensation**

   A.   Life Care Items

Respondent engaged Linda Curtis RN, MS, CCM, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, and CLCP, to provide an estimation of petitioner's future vaccine injury-related needs. For the purposes of this proffer, the term "vaccine related" is as described in the Chief Special Master's May 19, 2022, Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Gerda Ulysse, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2] Petitioner agrees.

   B.   Lost Earnings

The parties agree that based upon the evidence of record, Gerda Ulysse has suffered past loss of earnings as a result of her vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Gerda Ulysse's past and future lost earnings is $3,427.20. Petitioner agrees.

   C.   Pain and Suffering

Respondent proffers that petitioner should be awarded $230,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

   [2] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

D.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $9,475.65. Petitioner agrees.

## II.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A.   A lump sum payment of $250,528.76, representing compensation for life care expenses expected to be incurred during the first year after judgment ($7,626.56), lost earnings ($3,427.20), pain and suffering ($230,000.00), and past unreimbursable expenses ($9,475.65), in the form of a check payable to petitioner, Gerda Ulysse.

B.   An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

3

which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Gerda Ulysse, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Gerda Ulysse, is alive at the time that a particular payment is due.

---

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Gerda Ulysse's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Gerda Ulysse:    **$250,529.41**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

<u>/s/*Mark K. Hellie*</u>
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Direct dial: (202) 616-4208
Email: mark.hellie@usdoj.gov

Dated: February 27, 2024

Appendix A: Items of Compensation for Gerda Ulysse — Page 1 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2024 | Compensation Year 2 2025 | Compensation Year 3 2026 | Compensation Year 4 2027 | Compensation Year 5 2028 | Compensation Year 6 2029 | Compensation Year 7 2030 | Compensation Years 8-10 2031-2033 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Insurance Max. out of Pocket | 5% | | | 4,600.00 | 4,600.00 | 4,600.00 | | | | | |
| Medicare Part B Deductible | 5% | | | | | | 240.00 | 240.00 | 240.00 | 240.00 | 240.00 |
| Medigap | 5% | | M | | | | 2,469.36 | 2,469.36 | 2,469.36 | 2,469.36 | 2,469.36 |
| Medicare Part D | 5% | | M | | | | 1,435.08 | 1,435.08 | 1,435.08 | 1,435.08 | 1,435.08 |
| Primary Care Physician | 5% | * | | | | | | | | | |
| Rheumatologist | 5% | * | | | | | | | | | |
| Pulmonologist | 5% | * | | | | | | | | | |
| Cardiologist | 5% | * | | | | | | | | | |
| IVIG | 5% | * | | | | | | | | | |
| Blood Work | 5% | * | | | | | | | | | |
| Electrocardiogram | 5% | * | | | | | | | | | |
| Pulmonary Function Test | 5% | * | | | | | | | | | |
| Metoprolol | 5% | * | | | | | | | | | |
| Gabapentin | 5% | * | | | | | | | | | |
| Prednisone | 5% | * | | | | | | | | | |
| Lorazepam | 5% | * | | | | | | | | | |
| Plaquenil | 5% | * | | | | | | | | | |
| Clobetasol Propionate | 5% | * | | | | | | | | | |
| Folic Acid | 4% | | | 23.12 | 23.12 | 23.12 | 23.12 | 23.12 | 23.12 | 23.12 | 23.12 |
| Ibuprofen | 4% | | | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 |
| Vit D | 4% | | | 103.38 | 103.38 | 103.38 | 103.38 | 103.38 | 103.38 | 103.38 | 103.38 |
| Calcium | 4% | | | 48.03 | 48.03 | 48.03 | 48.03 | 48.03 | 48.03 | 48.03 | 48.03 |
| Magnesium | 4% | | | 48.63 | 48.63 | 48.63 | 48.63 | 48.63 | 48.63 | 48.63 | 48.63 |
| Physical Therapy | 4% | * | | | | | | | | | |
| Occupational Therapy | 4% | * | | | | | | | | | |
| Counselor | 4% | * | | | | | | | | | |
| Nutritionist | 4% | * | | | | | | | | | |
| Elbow Protectors | 4% | | | 29.98 | 29.98 | 29.98 | 29.98 | 29.98 | 29.98 | 29.98 | 29.98 |
| Knee Protectors | 4% | | | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 |
| Scooter | 4% | | | | | | 2,487.00 | 414.50 | 414.50 | 414.50 | 414.50 |
| Cane | 4% | | | 19.31 | 2.76 | 2.76 | 2.76 | 2.76 | 2.76 | 2.76 | 2.76 |

Appendix A:  Items of Compensation for Gerda Ulysse                                    Page 2 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Years 8-10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2024 | 2025 | 2026 | 2027 | 2028 | 2029 | 2030 | 2031-2033 |
| Walker | 4% | * | | | | | | | | | |
| Transport Chair | 4% | | | | | | 139.93 | 19.99 | 19.99 | 19.99 | 19.99 |
| Padded Transfer Bench | 4% | | | 150.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| Hand Held Shower | 4% | | | 34.00 | 5.67 | 5.67 | 5.67 | 5.67 | 5.67 | 5.67 | 5.67 |
| Raised Toilet Seat | 4% | | | 82.00 | 11.71 | 11.71 | 11.71 | 11.71 | 11.71 | 11.71 | 11.71 |
| Grab Bars | 4% | | | 102.80 | | | | | | | |
| Bed Assist Bar | 4% | | | 46.82 | 6.69 | 6.69 | 6.69 | 6.69 | 6.69 | 6.69 | 6.69 |
| Reacher | 4% | | | 21.09 | 3.01 | 3.01 | 3.01 | 3.01 | 3.01 | 3.01 | 3.01 |
| Pulse Oximeter | 4% | | | 39.99 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 |
| Heating Pad | 4% | | | 39.99 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 |
| Scooter Carrier | 4% | | | | | | | | | 1,540.00 | 102.67 |
| ADLs for Home | 4% | | | 200.00 | 100.00 | 14.29 | 14.29 | 14.29 | 14.29 | 14.29 | 14.29 |
| Bathroom Dressing Aids | 4% | | | 157.11 | 31.42 | 31.42 | 31.42 | 31.42 | 31.42 | 31.42 | 31.42 |
| Lifeline | 4% | | | 589.45 | 439.45 | 439.45 | 439.45 | 439.45 | 439.45 | 439.45 | 439.45 |
| Wigs | 4% | | | 360.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Gym | 4% | * | | 468.00 | 468.00 | 468.00 | | | | | |
| Home Care | 4% | | M | | 7,904.00 | 7,904.00 | 7,904.00 | 7,904.00 | 7,904.00 | 15,808.00 | 15,808.00 |
| Mileage: PCP | 4% | | | 15.84 | 15.84 | 15.84 | 15.84 | 15.84 | 15.84 | 15.84 | 15.84 |
| Mileage: Rheuymatologist | 4% | | | 52.80 | 52.80 | 52.80 | 52.80 | 52.80 | 26.40 | 26.40 | 26.40 |
| Mileage: Pulmonologist | 4% | | | 3.96 | 2.64 | 1.32 | 1.32 | 1.32 | 1.32 | 1.32 | 1.32 |
| Mileage: Cardiologist | 4% | | | 7.22 | 7.22 | 7.22 | 7.22 | 7.22 | 7.22 | 7.22 | 7.22 |
| Mileage: IVIG | 4% | | | 42.24 | 42.24 | 42.24 | 42.24 | 42.24 | 42.24 | 42.24 | 42.24 |
| Mileage: Counselor | 4% | | | 21.12 | 21.12 | 4.22 | 4.22 | 4.22 | 4.22 | 4.22 | 4.22 |
| Mileage: Nutritionist | 4% | | | 5.28 | | | | | | | |
| Mileage: Gym | 4% | | | 220.00 | 220.00 | 220.00 | 220.00 | 220.00 | 220.00 | 220.00 | 220.00 |
| Mileage: PT | 4% | | | 37.49 | 18.74 | 18.74 | 6.25 | 6.25 | 6.25 | 6.25 | 6.25 |
| Mileage: OT | 4% | | | 6.25 | 6.25 | 6.25 | 6.25 | 6.25 | 6.25 | 6.25 | 6.25 |
| Mileage: Driver's Eval | 4% | | | | | | | | | 9.81 | |
| Driver's Eval | 4% | | | | | | | | | 450.00 | |
| Lost Earnings | | | | 3,427.20 | | | | | | | |
| Pain and Suffering | | | | 230,000.00 | | | | | | | |

Appendix A:  **Items of Compensation for Gerda Ulysse** — Page 3 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Years 8-10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2024 | 2025 | 2026 | 2027 | 2028 | 2029 | 2030 | 2031-2033 |
| Past Unreimbursable Expenses | | | | 9,475.65 | | | | | | | |
| Annual Totals | | | | 250,529.41 | 14,419.78 | 14,315.85 | 16,006.73 | 13,814.29 | 13,787.89 | 23,691.70 | 21,794.56 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($7,626.56), lost earnings ($3,427.20), pain and suffering ($230,000.00), and past unreimbursable expenses ($9,475.65): $250,529.41.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

Appendix A:  Items of Compensation for Gerda Ulysse

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 2034 | Compensation Year 12 2035 | Compensation Years 13-14 2036-2037 | Compensation Year 15 2038 | Compensation Year 16 2039 | Compensation Years 17-Life 2040-Life |
|---|---|---|---|---|---|---|---|---|---|
| Insurance Max. out of Pocket | 5% | | | | | | | | |
| Medicare Part B Deductible | 5% | | | 240.00 | 240.00 | 240.00 | 240.00 | 240.00 | 240.00 |
| Medigap | 5% | | M | 2,469.36 | 2,469.36 | 2,469.36 | 2,469.36 | 2,469.36 | 2,469.36 |
| Medicare Part D | 5% | | M | 1,435.08 | 1,435.08 | 1,435.08 | 1,435.08 | 1,435.08 | 1,435.08 |
| Primary Care Physician | 5% | * | | | | | | | |
| Rheumatologist | 5% | * | | | | | | | |
| Pulmonologist | 5% | * | | | | | | | |
| Cardiologist | 5% | * | | | | | | | |
| IVIG | 5% | * | | | | | | | |
| Blood Work | 5% | * | | | | | | | |
| Electrocardiogram | 5% | * | | | | | | | |
| Pulmonary Function Test | 5% | * | | | | | | | |
| Metoprolol | 5% | * | | | | | | | |
| Gabapentin | 5% | * | | | | | | | |
| Prednisone | 5% | * | | | | | | | |
| Lorazepam | 5% | * | | | | | | | |
| Plaquenil | 5% | * | | | | | | | |
| Clobetasol Propionate | 5% | * | | | | | | | |
| Folic Acid | 4% | | | 23.12 | 23.12 | 23.12 | 23.12 | 23.12 | 23.12 |
| Ibuprofen | 4% | | | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 | 4.68 |
| Vit D | 4% | | | 103.38 | 103.38 | 103.38 | 103.38 | 103.38 | 103.38 |
| Calcium | 4% | | | 48.03 | 48.03 | 48.03 | 48.03 | 48.03 | 48.03 |
| Magnesium | 4% | | | 48.63 | 48.63 | 48.63 | 48.63 | 48.63 | 48.63 |
| Physical Therapy | 4% | * | | | 950.00 | 316.67 | 316.67 | 316.67 | 316.67 |
| Occupational Therapy | 4% | * | | | 350.00 | 175.00 | 175.00 | 175.00 | 175.00 |
| Counselor | 4% | * | | | | | | | |
| Nutritionist | 4% | * | | | | | | | |
| Elbow Protectors | 4% | | | 29.98 | 29.98 | 29.98 | 29.98 | 29.98 | 29.98 |
| Knee Protectors | 4% | | | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 | 45.98 |
| Scooter | 4% | | | 414.50 | 414.50 | 414.50 | 414.50 | 414.50 | 414.50 |
| Cane | 4% | | | 2.76 | 2.76 | 2.76 | 2.76 | 2.76 | 2.76 |

Appendix A:  Items of Compensation for Gerda Ulysse

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 2034 | Compensation Year 12 2035 | Compensation Years 13-14 2036-2037 | Compensation Year 15 2038 | Compensation Year 16 2039 | Compensation Years 17-Life 2040-Life |
|---|---|---|---|---|---|---|---|---|---|
| Walker | 4% | * | | | | | | | |
| Transport Chair | 4% | | | 19.99 | 19.99 | 19.99 | 19.99 | 19.99 | 19.99 |
| Padded Transfer Bench | 4% | | | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| Hand Held Shower | 4% | | | 5.67 | 5.67 | 5.67 | 5.67 | 5.67 | 5.67 |
| Raised Toilet Seat | 4% | | | 11.71 | 11.71 | 11.71 | 11.71 | 11.71 | 11.71 |
| Grab Bars | 4% | | | | | | | 102.80 | |
| Bed Assist Bar | 4% | | | 6.69 | 6.69 | 6.69 | 6.69 | 6.69 | 6.69 |
| Reacher | 4% | | | 3.01 | 3.01 | 3.01 | 3.01 | 3.01 | 3.01 |
| Pulse Oximeter | 4% | | | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 |
| Heating Pad | 4% | | | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 | 5.71 |
| Scooter Carrier | 4% | | | 102.67 | 102.67 | 102.67 | 102.67 | 102.67 | 102.67 |
| ADLs for Home | 4% | | | 14.29 | 14.29 | 14.29 | 14.29 | 14.29 | 14.29 |
| Bathroom Dressing Aids | 4% | | | 31.42 | 31.42 | 31.42 | 31.42 | 31.42 | 31.42 |
| Lifeline | 4% | | | 439.45 | 439.45 | 439.45 | 439.45 | 439.45 | 439.45 |
| Wigs | 4% | | | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Gym | 4% | * | | | | | | | |
| Home Care | 4% | | M | 23,712.00 | 23,712.00 | 23,712.00 | 33,280.00 | 33,280.00 | 33,280.00 |
| Mileage:  PCP | 4% | | | 15.84 | 15.84 | 15.84 | 15.84 | 15.84 | 15.84 |
| Mileage:  Rheuymatologist | 4% | | | 13.20 | 13.20 | 13.20 | 13.20 | 13.20 | 13.20 |
| Mileage:  Pulmonologist | 4% | | | 1.32 | 1.32 | 1.32 | 1.32 | 1.32 | 1.32 |
| Mileage:  Cardiologist | 4% | | | 7.22 | 7.22 | 7.22 | 7.22 | 7.22 | 7.22 |
| Mileage:  IVIG | 4% | | | 42.24 | 42.24 | 42.24 | 42.24 | 42.24 | 42.24 |
| Mileage:  Counselor | 4% | | | 4.22 | 4.22 | 4.22 | 4.22 | 4.22 | 4.22 |
| Mileage:  Nutritionist | 4% | | | | | | | | |
| Mileage:  Gym | 4% | | | 220.00 | 220.00 | 220.00 | 220.00 | 220.00 | 220.00 |
| Mileage:  PT | 4% | | | 6.25 | | | | | |
| Mileage:  OT | 4% | | | 6.25 | | | | | |
| Mileage:  Driver's Eval | 4% | | | | | | | | |
| Driver's Eval | 4% | | | | | | | | |
| Lost Earnings | | | | | | | | | |
| Pain and Suffering | | | | | | | | | |

Appendix A:  Items of Compensation for Gerda Ulysse                              Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-14 | Compensation Year 15 | Compensation Year 16 | Compensation Years 17-Life |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2034 | 2035 | 2036-2037 | 2038 | 2039 | 2040-Life |
| Past Unreimbursable Expenses |  |  |  |  |  |  |  |  |  |
| Annual Totals |  |  |  | 29,685.36 | 30,972.86 | 30,164.53 | 39,732.53 | 39,835.33 | 39,732.53 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($7,626.56), lost earnings ($3,427.20), pain and suffering ($230,000.00), and past unreimbursable expenses ($9,475.65): $250,529.41.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.