# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-451V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| GERDA ULYSSE, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 16, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mark K. Hellie*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING AWARD OF ATTORNEYS' FEES AND COSTS[1]

On May 4, 2015, Gerda Ulysse filed a petition seeking compensation under the National Vaccine Injury Compensation Program. (the "Vaccine Program").[2] Petition, dated May 4, 2015 (ECF No. 1); Amended Petition, dated Dec. 7, 2015 (ECF No. 17) ("Amend. Pet."). Petitioner alleged that she suffered dermatomyositis as a result of receiving the influenza vaccine on October 16, 2013. Amend. Pet. at 1. An Entitlement Hearing was held on December 6, 2021, and thereafter I ruled for Petitioner on entitlement. Ruling, dated May 19, 2022 (ECF No. 112). The parties resolved damages by proffer, and judgment entered on the sum in March 2024 (ECF No. 147).

Petitioner previously received an interim award of attorney's fees and costs in January 2020. Decision—Interim Attorney's Fees and Costs, dated Jan. 30, 2020 (ECF No. 73). Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

has now filed a motion for a final award of attorney's fees and costs. Motion, dated Aug. 9, 2024 (ECF No. 150) ("Final Fees Mot."). She requests a total of $108,326.05 (representing $86,269.50 in attorneys' fees, plus $22,056.55 in costs) for the work of attorneys at Conway, Homer, P.C. Final Fees Mot. at 2. Respondent reacted to the fees request on Aug. 26, 2024 (ECF No. 152). Response, dated Aug. 26, 2024 ("Resp."). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$108,326.05**.

I.       **Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the properly hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| --- | --- | --- | --- | --- | --- | --- |
| **Meredith Daniels (Attorney)** | -- | $350.00 | $350.00 | $410.00 | $455.00 | -- |
| **Nathaniel Enos (Attorney)** | -- | -- | -- | -- | -- | $360.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Lauren Faga (Attorney)** | -- | $330.00 | $330.00 | -- | -- | -- |
| **Ronald Homer (Attorney)** | $430.00 | $447.00 | $447.00 | $475.00 | $500.00 | $525.00 |
| **Patrick Kelly (Attorney)** | -- | -- | -- | $250.00 | $305.00 | $345.00 |
| **Joseph Pepper (Attorney)** | $325.00 | $355.00 | $355.00 | $415.00 | $455.00 | $485.00 |
| **Paralegals** | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 | $195.00 |

Final Fees Mot. at 5–44, 46.

The attorneys at Conway, Homer, P.C., practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested for time billed in 2021-23 have been allowed in other cases, and the rates requested for time billed in 2024 are also consistent with what has previously been awarded, based on the attorneys' work and experience in the Program, and are otherwise in accordance with the Office of Special Masters' fee schedule.[3] *See M.R. v. Sec'y of Health & Hum. Servs.*, No. 16-1024V, 2024 WL 370041, at *3 (Fed. Cl. Spec. Msrt. Jan. 5, 2024); *Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104134, at *1 (Fed. Cl. Spec. Mstr. May 17, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $22,056.55 in outstanding litigation costs, including the filing fee, medical record retrieval costs, mailing/photocopying costs, and costs associated with the work of expert, Ioannis Tassiulas, M.D., Ph.D., plus a life care planner, Maureen Clancy, R.N., B.S.N. Final Fees Mot. at 45–46. Dr. Tassiulas prepared one written report and testified on behalf of Petitioner. He submitted an invoice reflecting a total of $6,400.00 (billing at an hourly rate of $400.00) charged

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 16, 2024).

to the matter. *Id.* at 58. Ms. Clancy conducted an onsite visit and prepared a life care plan in this matter. She submitted an invoice reflecting a total of $12,407.50[4] (billing at an hourly rate of $175.00 for 62.9 hours) charged to the matter. These sums are reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of $108,326.05, reflecting $86,269.50 in attorney's fees and $22,056.55 in costs in the form of a check made jointly payable to Petitioner and Petitioner's attorney, Ronald C. Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This total sum also includes the time Ms. Clancy spent traveling for an onsite visit (billing at an hourly rate of $87.50 for 16 hours).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.